UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO DE JESUS,

                      Plaintiff,

      -against-

V. SANTIAGO, et al.,

                      Defendants.

22-CV-9559 (CS)

SUPPLEMENTAL ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this action *pro se*. On November 10, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees – that is, *in forma pauperis* (IFP). On December 14, 2022, the Court issued an order of service. (ECF 7.) Thereafter, Plaintiff wrote to the Court to indicate that one of the defendants, A. Rodriguez, who is identified as the "Acting Director of the S.H.U.," should be served at the Albany campus of the New York State Department of Corrections and Community Supervision (DOCCS), not at Sing Sing Correctional Facility. (ECF 10.) The Court therefore issues this supplemental order of service. This matter also comes before the Court on Plaintiff's motion for *pro bono* counsel. (ECF 4.)

## DISCUSSION

**A.    Service on Defendant A. Rodriguez**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore on December 14, 2022, extended the time to serve until 90 days after the date summonses are issued, (ECF 7), which occurred on

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant A. Rodriguez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue an amended summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant Rodriguez.

If the complaint is not served on Defendant Rodriguez within 90 days after the date the amended summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Motion for Pro Bono Counsel**

Plaintiff moves for appointment of *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the

---

December 16, 2022.  Because the summons for Defendant Rodriguez needs to be amended, the time to serve him is extended to 90 after the issuance of the amended summons.

proceedings for the Court to assess the merits of the action and whether appointment of counsel is warranted, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

Plaintiff's motion for pro bono counsel is denied. (ECF 4.) The Clerk of Court is instructed to issue an amended summons for Defendant A. Rodriguez, complete the USM-285 forms with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 13, 2023
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. A. Rodriguez, Acting Director of S.H.U.
   DOCCS
   1220 Washington Ave. (Building 2)
   Albany, New York 12226-2050