UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO DE JESUS,

                              Plaintiff,

                  -against-

V. SANTIAGO, et al.,

                             Defendants.

No. 22-CV-9559 (CS)

SUPPLEMENTAL ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

       Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this action *pro se*. On November 10, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees – that is, *in forma pauperis* (IFP). On December 14, 2022, the Court issued an order of service. (ECF 7.) Thereafter, Plaintiff wrote to the Court to indicate that one of the defendants, A. Rodriguez, who is identified as the "Acting Director of the S.H.U.," should be served at the Albany campus of the New York State Department of Corrections and Community Supervision (DOCCS), not at Sing Sing Correctional Facility. (ECF 10.) The Court then issued a supplemental order of service. (ECF No. 11.) After the Marshals attempted to serve Defendants R. Mayes, A. Rodriguez, and V. Santiago but were unsuccessful because these Defendants no longer worked at Sing Sing Correctional Facility, (*see* ECF Nos. 22-24), and was unsuccessful in serving Defendant F. Cotto, (*see* ECF No. 17), the Court ordered the New York State Attorney General to provide the current addresses and locations for Defendants Mayes, Rodriguez, and Santiago. (ECF No. 25.) The New York State Attorney General wrote to the Court, providing the Defendants' current locations and addresses. (ECF No. 27.) The Court now issues a supplemental order of service.

## DISCUSSION

A. **Service on CO Vicente Santiago, CHO Robert Mayes, and Acting Director S.H.U. Anthony Rodriquez**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Vicente Santiago, Robert Mayes, and Anthony Rodriguez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the Complaint is not served on Defendants Santiago, Mayes, and Rodriguez within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Defendant Cotto**

The U.S. Marshals Service attempted to serve Defendant F. Cotto but was unsuccessful. (*See* ECF No. 17.)  Accordingly, the New York State Attorney General is ordered to provide Plaintiff with the current address and location of Defendant Cotto by September 25, 2023.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendants Vicente Santiago, Robert Mayes, and Anthony Rodriguez and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Clerk is also directed to send this order to the Attorney General of the State of New York at 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: August 24, 2023
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

## DEFENDANTS AND SERVICE ADDRESSES

CO Vicente Santiago
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

CHO Robert Mayes
Fishkill Correctional Facility
18 Strack Drive
Beacon, NY 12508-0307

Acting Director S.H.U. Anthony Rodriguez
The Harriman State Campus
Building 4
1220 Washington Avenue
Albany, NY 12226