UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO DE JESUS,

                Plaintiff,

    -against-

V. SANTIAGO, et al.,

                Defendants.

No. 22-CV-9559 (CS)

SUPPLEMENTAL ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is currently incarcerated, brings this action *pro se*. On December 14, 2022, the Court issued an order of service on the named Defendants. (ECF No. 7.) The U.S. Marshals Service attempted to serve Defendant Felix Cotto but was unsuccessful. (*See* ECF No. 17.) The Court ordered the New York State Attorney General to provide Plaintiff with the current address and location of Defendant Cotto. (ECF No. 28.) The New York State Attorney General did so on October 2, 2023. (ECF No. 32.) The Court now issues a supplemental order of service.

      Because Plaintiff has been granted permission to proceed *in forma pauperis* (IFP), he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Felix Cotto through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Cotto.

If the Complaint is not served on Defendant Cotto within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendant Felix Cotto and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Clerk is also directed to send this order to the Attorney General of the State of New York (attention: AAG Joshua Mitts), 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: October 3, 2023
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

## DEFENDANT AND SERVICE ADDRESS

OSI Felix Cotto
Wallkill Correctional Facility
50 McKendrick Road
Wallkill, NY  12589-0286