UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERTO DEJESUS,

                        Plaintiff,                        No. 22-CV-9559 (CS)

   - against -                                             **ORDER**

V. SANTIAGO, *et al.*,

                        Defendants.
-------------------------------------------------------------x

CATHY SEIBEL, United States District Judge:

      At the proceeding on October 27, 2025, Plaintiff requested the appointment of counsel. For the following reasons, Plaintiff's application is granted to the extent that the Court will request volunteer counsel.

**LEGAL STANDARD**

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff previously filed a Request to Proceed in Forma Pauperis (IFP), which the Court granted. (*See* ECF Nos. 1, 5.) Plaintiff remains incarcerated and I presume that his financial status has not changed. Plaintiff therefore qualifies as indigent.

During the bench ruling on Defendants' motion to dismiss on September 17, 2025, Felix Cotto, Robert Mayes and Anthony Rodriguez were dismissed as defendants. (*See* Minute Entry

dated Sept. 17, 2025.) The Court also dismissed Plaintiff's Due Process and 42 U.S.C. § 1985 claims against Defendants Vincente Santiago and Pasko Delovic. (*Id.*) As such, the only claims that remain are Plaintiff's 42 U.S.C. § 1983 claims alleging that Defendants Santiago and Delovic violated his First Amendment rights by retaliating against him for reporting their abuse of another inmate. Given the seriousness of the allegations and the fact that they have already survived summary judgment, Plaintiff's claims are of sufficient substance that they will (unless the parties settle) go to trial. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. He apparently has been unsuccessful in retaining counsel. Cross-examination will be critical at trial, and the case will be presented more clearly and efficiently by counsel. I find that the assistance of counsel will "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted to the extent that the Court will request volunteer counsel for the remainder of proceedings, including settlement and, if unsuccessful, trial. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and in the meantime Plaintiff should continue to represent himself. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. Further, should Plaintiff find counsel on his own, that attorney should promptly file a Notice of Appearance.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 27, 2025
       White Plains, New York

                                                    CATHY SEIBEL, U.S.D.J.