UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

DEJESUS,

                     Plaintiff,

    - against -

V SANTIAGO, ET AL.,

                 Defendants.

------------------------------------------------------------------- :

                                 X

No. 22 Civ. 9559 (CS)

**STIPULATION OF
CONFIDENTIALITY AND
<u>PROTECTIVE ORDER</u>**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.     Any party may designate as "CONFIDENTIAL" any information, document, or thing, or portion of any document or thing produced by that party, the disclosure of which that party believes, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"), or would contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material," including but not limited to the following:

1

a.  Reports and other records prepared by governmental agencies, including the New York Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigations ("OSI"), in connection with any investigation conducted by that entity;

b.  All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS, with the exception of Plaintiff or Defendants to the extent that it is not statutorily prohibited, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

c.  All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, DOCCS), including but not limited to documents reflecting any disciplinary proceedings, performance evaluations, and counseling's of any personnel of DOCCS, unless already possessed by a party or witness;

d.  All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS facilities or offices;

e.  Any documents and information which counsel for all parties agree should be considered Confidential Material;

f.  Any other records that Defendants or DOCCS believe would compromise

2

the safety or security of a DOCCS facility if disclosed to the general public;

g.  Any documents and information which counsel for a party designates as "Confidential Material" and to which counsel for the other party does not object, including, but not limited to, information concerning an individual's health, criminal prosecution, and income; and

h.  Testimony about the documents and information covered by Paragraph 2(a)-(g).

3.      If a party objects to the designation of any document as Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential Material within 30 days of the objecting party's receipt of the Confidential Material.  Counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation.  Any disputed documents shall be treated as Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict. The party that designated the document Confidential has the burden to show that the designation is proper.

4.      Notwithstanding the provisions of paragraph 2, Confidential Material may be discussed with and shown to Plaintiff, but Plaintiff may not keep copies. The parties agree that, as of the date the parties signed this Protective Order, all Confidential Material the parties have produced in this litigation falls within categories specified in Paragraph 2(a)-(h) . If, after the entry of this Protective Order, either party produces additional documents and designates them as Confidential Material outside of categories specific in Paragraph 2(a)-(h), the parties shall meet and confer regarding the procedure governing disclosure of that Confidential Material.

5.      In the event that there are any additional depositions taken in this Action, the transcripts of those depositions will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

6.      An inadvertent failure to designate Confidential Material as confidential may be corrected by supplemental written notice given as soon as practicable.

7.      To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 herein prior to the execution of this Stipulation and Protective Order and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information, once designated as Confidential Material, shall be treated hereafter as Confidential Material unless the parties resolve or the Court issues a ruling that such document or information is not Confidential.

8.      Notwithstanding the treatment as Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS, it is understood that, to the extent that unauthorized disclosure of such information would violate the Health Insurance Portability and Accountability Act ("HIPAA"), and N. Y. State Mental Hygiene Law § 33.13, or any other applicable law, the names, names of family members, residence addresses, employee insurance information, and Social Security

numbers of any employee who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

9.    Notwithstanding the treatment as Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any current or former inmate in the custody of DOCCS, it is understood that, to the extent that unauthorized disclosure of such information would violate the Health Insurance Portability and Accountability Act ("HIPAA") and N. Y. State Mental Hygiene Law § 33.13, or any other applicable law, the names, names of family members, residence addresses, employee insurance information, Social Security numbers a shall be redacted from the documents produced by DOCCS.

10.    Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

11.    Access to the Confidential Material shall be limited to:

a.    Attorneys for Plaintiff;

b.    Attorneys for Defendants;

c.    Parties to this litigation, except that Confidential Material may be provided to Plaintiff for a controlled review and Plaintiff may not retain copies.  It is understood that this provision does not prohibit or govern materials designated Attorneys' Eyes Only under paragraph 12;

d.    Employees and independent contractors of the respective attorneys or their law firms for Plaintiff or Defendants who have direct functional or supervisory responsibility for the preparation or trial of this action, or any appeal thereof;

e.    The parties' respective experts and consultants, to the extent deemed necessary

to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

f.   Individual employees of DOCCS, to the extent that such individual employees authored the Confidential Material were addressed recipients of it, or would have access to the Confidential Material as part of their employment with DOCCS;

g.   Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

h.   The Court and the Court's staff.

12.   The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

13.   Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential Material or that contain Confidential Material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production unless the court orders that they be produced sooner, in which event Plaintiff's counsel will serve notice upon Defendants' counsel as soon as practicable.

14.   Except as provided for in paragraph 4 herein, consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or

disclosed in any manner to any person who is or was a parolee in the custody of DOCCS, or is or was an incarcerated individual in the custody of DOCCS, with the exception of Confidential Material which Plaintiff have previously reviewed, which may be shown to or discussed solely with Plaintiff.

15.    No person receiving Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Information pursuant to this Stipulation and Protective Order.

16.    The Confidential Material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of the Confidential Information.  Nothing in this Stipulation of Confidentiality and Protective Order shall render otherwise admissible evidence inadmissible, subject only to the Court's taking action to preclude disclosure of such evidence to anyone other than the jury, the Court itself, and such other persons that the Court deems appropriate.

17.    In the event that a party intends to file with the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material obtained from such documents, including any future deposition transcripts, that party's counsel shall serve notice of such intention upon opposing counsel, identifying by Bates numbers the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give Defendants the opportunity to request or move the Court to direct that such documents be filed under seal, unless the deadline to file is sooner, in which event Plaintiff's counsel will serve notice upon Defendants' counsel as soon as practicable. Such notice shall not be construed as a waiver of the attorney-client privilege, attorney work

7

product privilege, or any other applicable privilege or immunity.

18.    Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only via a secure password protected FTP link or in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

19.    Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

20.    Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

21.    Within thirty (30) days of the conclusion of this Action, including the disposition of any appeals, counsel shall either return to opposing counsel all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Information, in whole or in part, and any copies made therefrom or shall notify opposing counsel in writing that all such Confidential Information has been destroyed, except that a party's attorney may retain one copy of the Confidential Material, and any Confidential Material containing that party's own  attorney's work product (including but not limited to, notes, and other materials

containing or referring the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the attorney's own information of similar nature) are imposed to prevent the use of Confidential Material for any other purpose.  Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot be reasonably deleted, must be secured to prohibit access to the Confidential Material and shall also be safe guarded by the attorney in the same manner as described in this paragraph.

22.    Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 herein.


Dated: New York, New York
       February 6, 2026

| | |
|---|---|
| **LETITIA JAMES**<br>Attorney General<br>State of New York<br><u>Attorney for Defendants</u> | **SUSMAN GODFREY LLP**<br><u>Attorneys for Plaintiff</u> |

By:    */s/ Jennifer Goltche* (signed with permission)    By:  */s/ Shauli Bar-On*
      Jennifer Goltche, Esq.                               Steven M. Shepard, Esq.
      Samuel A. Blaustein, Esq.                      Shauli Bar-On, Esq.
      Assistant Attorney General                  One Manhattan West, 50th Floor
      28 Liberty Street, 18th floor               New York, New York 10001
      New York, New York 10005              (212) 336-8330
      (212) 416-8591                               sshepard@susmangodfrey.com
      (212) 416-8177                               sbar-on@susmangodfrey.com
      jennifer.goltche@ag.ny.gov
      samuel.blaustein@ag.ny.gov


SO ORDERED.

CATHY SEIBEL, U.S.D.J.

2/6/26

9

## **CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *DeJesus v. Santiago et. al.,* No. 22 Civ. 9559 (CS), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER